UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUIS MORENO, | § | |
| *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION H-19-4006 |
| WAL-MART STORES TEXAS, LLC, | § § § | |
| *Defendant*. | § § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant Wal-Mart Stores Texas, LLC's ("Wal-Mart") motion for summary judgment. Dkt. 23. Plaintiff Luis Moreno responded.[1] Dkt. 25. Wal-Mart replied. Dkt. 26. Having considered the motion, response, reply, and applicable law, the court is of the opinion that Wal-Mart's motion for summary judgment should be GRANTED in part and DENIED in part.

**I. BACKGROUND**

Moreno is a merchandiser for Blue Bell Creameries. Dkt. 23-2 at 18. As such, he regularly visits retail stores like Wal-Mart and stocks the stores' sales freezers with Blue Bell ice cream products. *Id.* at 18–20. On October 14, 2017, Moreno went to Wal-Mart to restock its sales freezer. Dkt. 25 at 1. Per usual, he checked the sales freezer to see which products he needed to retrieve from the storage freezer.[2] Dkt. 23-2 at 19. Then he went to the back of the store to Wal-Mart's

---

[1] Moreno also filed a motion for an oral hearing. Dkt. 24. Wal-Mart's motion for summary judgment has been fully briefed, and the court finds that oral argument is unnecessary. Moreno's motion for an oral hearing is DENIED.

[2] In Moreno's deposition, he said that he had visited this Wal-Mart location for the purpose of restocking its sales freezer approximately a hundred times prior to the date of his injury. Dkt. 23-2 at 20.

storage freezer to get the necessary products. *Id.* at 19–22. He walked into the storage freezer, took a few steps, and fell. *Id.* at 22–23, 26. He landed on his right wrist and shoulder. *Id.* at 26. When he got up, he noticed footprints in the freezer and realized his shoes were wet.[3] *Id.* at 24–26. He then noticed a puddle of approximately a gallon of water directly in front of the storage freezer, which he would have had to walk through to get inside the storage freezer. *Id.* at 23–26, 32–33. Notably, it was not raining on the date of Moreno's fall. *Id.* at 25.

On September 3, 2019, Moreno filed suit in the 240th Judicial District Court in Fort Bend County. Dkt. 1-2. On October 15, 2019, Wal-Mart removed the case to this court, asserting that the parties were diverse and the amount in controversy exceeded $75,000. Dkt. 1. Wal-Mart moved for summary judgment on September 11, 2020. Dkt. 23. The motion for summary judgment is ripe for disposition.[4]

## II. LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The

---

[3] In a motion for summary judgment, the court must consider the facts of the case in the light most favorable to the plaintiff. *See Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 104 (5th Cir. 2015) ("In reviewing summary judgment, we construe all facts and inferences in the light most favorable to the nonmoving party.").

[4] Moreno requests a continuance because he claims that he needs more time for discovery to obtain requested documents from Wal-Mart. Dkt. 25 at 8. Because the motion for summary judgment on Moreno's premises liability claim is denied, the request for a continuance is DENIED AS MOOT. To the extent the documents are necessary for trial, the court directs Moreno's attention to section 6.C of its procedures, which sets forth how parties who have a discovery dispute should proceed. *See* Judge Gray H. Miller, Court Procedures, Procedure 6.C (Discovery and Scheduling Disputes/Pre-Motion Conferences).

moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Env't. Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008).

### III. ANALYSIS

**A. Premises Liability Claim**

To establish a premises liability claim under Texas law, Moreno must show that (1) Wal-Mart had actual or constructive knowledge of some condition on the premises, (2) the condition posed an unreasonable risk of harm, (3) Wal-Mart did not exercise reasonable care to reduce or eliminate the unreasonable risk of harm, and (4) Wal-Mart's failure to use reasonable care proximately caused Moreno's injuries. *See, e.g.*, *LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex. 2006) (per curiam). Wal-Mart maintains that Moreno fails to establish genuine issues of material fact as to the first two elements.[5] Dkt. 23 at 4. Specifically, Wal-Mart argues that Moreno cannot establish the first element of his claim because he does not submit temporal evidence and thus cannot show Wal-Mart's actual or constructive knowledge of the puddle which allegedly caused his fall. *Id.* at 6–11. Wal-Mart also contends that Moreno cannot establish the second element of his claim because Moreno knew there was ice in the storage freezer and cannot even show that his feet were wet when he fell; accordingly, there was no unreasonable risk of harm. *Id.* at 5–6.

---

[5] Wal-Mart does not concede liability as to elements three and four of Moreno's premises liability claim but only submits arguments challenging the first two elements. Dkt. 23 at 4. Thus, the court only addresses those two elements.

3

Citing to cases that are both legally and factually distinguishable, Moreno seemingly argues that he is not required to establish that Wal-Mart had actual or constructive knowledge. Dkt. 25 at 4 (citing *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 295–97 (Tex. 1983) (holding that plaintiff did not have to establish actual or constructive knowledge because defendant "admitted that at the time of [plaintiff's] fall it knew of [the] unusually high risk associated with its grape display"); *City of San Antonio v. Rodriguez*, 931 S.W.2d 535, 536 (Tex. 1996) (per curiam) (holding that actual knowledge of a leaky roof could support an inference of actual or constructive knowledge of the allegedly dangerous condition of water on the floor)). Moreno submits no evidence suggesting that his case is like *Corbin* or *Rodriguez*; thus, he must establish actual or constructive knowledge. *See, e.g.*, *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 813 (Tex. 2002) ("To prevail in a premises-liability case, an invitee must prove that the premises owner had actual or constructive knowledge of a dangerous condition on the premises.").

A plaintiff in a slip-and-fall case satisfies the knowledge requirement "by establishing that (1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it."[6] *Id.* at 814. Neither party

---

[6] Wal-Mart argues in its reply brief that, although Texas courts weigh evidence in premises liability cases to determine whether it is more likely than not that a defendant had constructive knowledge of a dangerous condition, federal courts may not weigh evidence in evaluating a motion for summary judgment. Dkt. 26 at 4 (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097 (2000); *Sturdivant v. Target Corp.*, 464 F. Supp. 2d 596, 599 (N.D. Tex. 2006)). Arguments raised for the first time in a reply brief are waived. *See Murthy v. Abbott Labs.*, 847 F. Supp. 2d 958, 977 n.9 (S.D. Tex. 2012) (Ellison, J.) (declining to analyze argument that movant waived by raising it for the first time in a reply brief). Moreover, the federal standard creates "a more onerous burden" for Wal-Mart and requires only that Moreno "put forward evidence to create a genuine issue of material fact," which Moreno has done. *Sturdivant*, 464 F. Supp. 2d at 599–600.

4

submits that Wal-Mart placed the puddle on the floor, and the court agrees with Wal-Mart that Moreno presents no evidence that Wal-Mart or its employees actually knew the puddle was there and failed to address it.[7] Thus, Moreno must provide temporal evidence to show that the puddle "existed for some length of time before [Wal-Mart] may be charged with constructive notice." *Id.* at 815. "Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition," but "[w]hat constitutes a reasonable time for a premises owner to discover a dangerous condition will, of course, vary depending upon the facts and circumstances presented." *Id.* at 816.

Wal-Mart relies heavily on the *Reece* case to support its argument that Moreno fails to establish a genuine issue of material fact as to the required temporal evidence. Dkt. 23 at 8–10. In *Reece*, a customer brought suit against Wal-Mart after she slipped and fell in a puddle of clear liquid in Wal-Mart's snack bar, injuring her knee. *Reece*, 81 S.W.3d at 813. Before she fell, a Wal-Mart employee walked past the area where she slipped but did not notice the puddle on the floor. *Id.* at 814. Additionally, the store manager admitted that there was an increased risk of spills in the snack bar because of the self-service drink and ice machines. *Id.* Still, the Texas Supreme Court held that the proximity of Wal-Mart's employee near the dangerous condition was not enough to establish constructive knowledge and that Wal-Mart was not liable for the customer's injuries because the customer did not provide evidence to show how long the spill was

---

[7] Moreno submits circumstantial evidence which suggests a question of material fact as to whether Wal-Mart had constructive knowledge as proof that Wal-Mart had actual knowledge. Dkt. 25 at 6. Moreno cites to no cases and the court is unaware of any utilizing circumstantial evidence similar to that provided by Moreno as proof of actual knowledge in a slip-and-fall case. Moreno's conclusory argument that Wal-Mart's employees must have seen the puddle is not enough to establish actual knowledge. *Id.* Thus, the court rejects Moreno's argument that Wal-Mart had actual knowledge of the puddle.

there before she fell. *Id.* at 814–17. The court reasoned that "temporal evidence best indicates whether the [defendant] had a reasonable opportunity to discover and remedy a dangerous condition." *Id.* at 816. The court noted that the spill was "not large and consisted of a clear liquid on a light tile floor" and that the customer did not submit "evidence that the spill was conspicuous." *Id.* Thus, the customer could not establish that the puddle had been on the floor long enough for Wal-Mart to discover it. *Id.* at 816–17.

In contrast to the *Reece* case where the plaintiff submitted no "evidence concerning the condition of the spilled liquid that might indicate how long it had been there," Moreno submits some evidence which suggests that there is a question of material fact as to whether the puddle had been there long enough for Wal-Mart to have constructive notice of it. *Id.* at 817. As the *Reece* court recognized, "proximity evidence will often be relevant." *Id.* at 816. In the thirty minutes prior to Moreno's injury, Wal-Mart employees walked nine times past the area where the puddle allegedly coalesced. Dkt. 25 at 6. Moreno contends that the puddle coalesced because a drain backed up, causing water to pool; Moreno argues that "[d]rains do not clog and back up instantaneously."[8] *Id.* at 6–7. As proof of this contention, Moreno submits photos showing what is presumably a concrete floor which was notably darkened allegedly due to what looks like a puddle on top of and around a drain—a puddle which was large and spread out enough so that a

---

[8] Wal-Mart argues that the time it took for the drain to clog is irrelevant because Moreno did not "trip over a clog." Dkt. 26 at 4. This argument is seemingly based on a misunderstanding of Moreno's argument. *Reece* requires only that there be "some proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition." *Reece*, 81 S.W.3d at 816. The amount of time it took for the drain to allegedly clog and for water to accumulate is relevant in determining whether the puddle was there for a long enough time so that Wal-Mart reasonably should have discovered it. Dkt. 25 at 6–7.

question of material fact exists as to whether it was there for a long enough time period so that Wal-Mart or its employees reasonably should have discovered it. Dkt. 25-2; *compare Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 937 (Tex. 1998) ("Dirt in macaroni salad lying on a heavily-traveled aisle is no evidence of the length of time the macaroni had been on the floor."), *with Thornton v. Racetrac Petroleum, Inc.*, No. 3:13-CV-1658-P, 2014 WL 11460873, at *3 (N.D. Tex. July 31, 2014) (holding that an oil stain on concrete created a genuine issue of material fact in a slip-and-fall case as to whether the oil had been there long enough so that defendant had constructive knowledge even though "neither party provide[d] any argument as to how long it would take for oil to stain the ground underneath it" because it was unlikely that an oil stain would appear quickly in the way that dirt on macaroni salad could appear quickly). The puddle in the photos Moreno submits is large and visible enough to create a question of material fact as to whether it reasonably should have been seen by a passing employee. Dkt. 25-2; *see Reece*, 81 S.W.3d at 816 ("[I]f the dangerous condition is conspicuous, as, for example, a large puddle of dark liquid on a light floor would likely be, then an employee's proximity to the condition might shorten the time in which a jury could find that the premises owner should reasonably have discovered it."); *Nguyen v. Target Corp.*, No. 01-15-00789-CV, 2016 WL 3571110, at *3 (Tex. App.—Houston [1st Dist.] June 30, 2016, no pet.) (mem. op., not designated for publication) (finding plaintiff's evidence insufficient in a slip-and-fall case where the liquid "may not have been a large enough spill" for defendant's employees to see). Thus, while it may be that a gallon of water can pool above a drain swiftly so that Moreno's evidence will ultimately be insufficient

temporal evidence, the court finds that there is a question of material fact as to whether the puddle had been there long enough to charge Wal-Mart with constructive knowledge of it.[9]

Wal-Mart cites sections of Moreno's deposition testimony during which Moreno says he personally does not know how long the puddle was there as proof that Moreno provides no temporal evidence. Dkt. 23 at 10–11. The court is unpersuaded by this argument because slip-and-fall plaintiffs may use circumstantial evidence to meet the temporal requirement of constructive knowledge. *Compare H. E. Butt Grocery Co. v. Hawkins*, 594 S.W.2d 187, 188 (Tex. App.—Corpus Christi 1980, no writ) (finding constructive knowledge where plaintiff submitted circumstantial evidence that defendant was aware that puddles accumulated on rainy days), *and J. Weingarten, Inc. v. Tripplett*, 530 S.W.2d 653, 656–57 (Tex. App.—Beaumont 1975, writ ref'd n.r.e.) (finding sufficient evidence of constructive knowledge where plaintiff's expert testified that the foreign substance plaintiff slipped in had been on the floor for at least twenty-eight minutes before she fell), *with Gonzalez*, 968 S.W.2d 934 at 938 (finding no constructive knowledge where plaintiff slipped on macaroni salad because "evidence that the macaroni salad had 'a lot of dirt' and tracks through it and the subjective testimony that the macaroni salad 'seemed like it had been there a while' [was] no evidence that the macaroni had been on the floor long enough to charge

---

[9] Moreno contends that the doctrine of res ipsa loquitur applies in this case so that he does not have to present evidence of Wal-Mart's constructive knowledge. Dkt. 25 at 7 (citing *Haddock v. Arnspiger*, 793 S.W.2d 948, 950 (Tex. 1990)). The court disagrees; Moreno must establish that Wal-Mart had constructive knowledge. *See Silas v. St. Luke's Episcopal Props. Corp.*, No. 14-08-00353-CV, 2010 WL 307906, at *2 (Tex. App.—Houston [14th Dist.] Jan. 28, 2010, no pet.) (mem. op., not designated for publication) (collecting cases and noting that "[t]he doctrine [of res ipsa loquitur] does not permit an inference that [a] defendant had actual and constructive knowledge of a condition on the premises."). Nonetheless, the court finds that summary judgment is inappropriate on Moreno's premises liability claim because there is a genuine question of material fact as to whether Wal-Mart had constructive knowledge.

Wal-Mart with constructive notice" of it). Moreno submits circumstantial temporal evidence which creates a genuine issue of material fact as to whether Wal-Mart had constructive notice of the puddle which allegedly caused Moreno's fall. Therefore, the motion for summary judgment on the ground that Moreno has not provided temporal evidence is DENIED.

Wal-Mart next contends that the ice on the floor inside the freezer did not pose an unreasonable risk of harm and that it owes no duty to warn Moreno about the ice inside the freezer because he has been in the storage freezer approximately a hundred times. Dkt. 23 at 5–6. Further, Wal-Mart contends that Moreno does not even know if his shoes were wet and that even if they were, it does not make sense that Moreno was able to walk a few steps with wet shoes and then slip and fall. *Id.* The court is not persuaded by the latter argument. Considering the facts in the light most favorable to the plaintiff as the court is required to do at this stage in the litigation, Moreno has presented sufficient evidence to show a genuine issue of material fact as to whether his shoes were wet and whether that wetness could have caused his fall. *See supra* Part I. Likewise, the court is not persuaded by Wal-Mart's arguments about Moreno's awareness of the ice inside the freezer. Moreno does not argue that the ice inside the freezer posed an unreasonable risk of harm or that Wal-Mart owed Moreno a duty to warn him about the ice. Dkt. 25 at 5–6. The condition of which Moreno complains is the puddle on the floor which was allegedly in front of the storage freezer on the date of his injury—not the ice inside the freezer. *Id.* Therefore, the motion for summary judgment on Moreno's premises liability claim is DENIED.

**B. Other Claims**

Wal-Mart also moves for summary judgment on Moreno's other claims "for lack of training, failure [to] inspect or failure to effectuate any policies or procedures as a matter of law."

9

Dkt. 23 at 11. Moreno asserts facts regarding Wal-Mart's alleged failure to inspect in the context of his premises liability claim; Moreno does not allege a separate cause of action for failure to inspect. Dkts. 1-2, 25. The court has already held that the motion for summary judgment on Moreno's premises liability claim is DENIED.

Moreno seemingly does not plead separate claims for "lack of training" or "failure to effectuate any policies or procedures as a matter of law." Dkt. 23 at 11; Dkt. 1-2. However, to the extent that Moreno intended to plead the aforementioned as separate claims, summary judgment on those claims is GRANTED because Moreno has failed to establish a genuine issue of material fact as to Wal-Mart's "lack of training" or "failure to effectuate" policies and procedures.

### IV. CONCLUSION

For the aforementioned reasons, Wal-Mart's motion for summary judgment (Dkt. 23) is GRANTED in part and DENIED in part. Wal-Mart's motion for summary judgment on Moreno's premises liability claim is DENIED. To the extent that Moreno intended to plead the additional causes of action discussed in Part III.B, Wal-Mart's motion for summary judgment on those claims is GRANTED.

Signed at Houston, Texas on December 9, 2020.

_____
Gray H. Miller
Senior United States District Judge